UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALEXIS ACEA-MARTINEZ, §<br>*Petitioner* §<br>§<br>v. §<br>§<br>KRISTI NOEM, SECRETARY, U.S. §<br>DEPARTMENT OF HOMELAND §<br>SECURITY; TODD M. LYONS, ACTING §<br>DIRECTOR OF ICE; PAMELA BONDI, §<br>U.S. ATTORNEY GENERAL; §<br>SYLVESTER M ORTEGA, FIELD §<br>OFFICE DIRECTOR OF §<br>ENFORCEMENT AND REMOVAL §<br>OPERATIONS, SAN ANTONIO FIELD §<br>OFFICE, IMMIGRATION AND §<br>CUSTOMS ENFORCEMENT; ROSE §<br>THOMPSON, WARDEN OF KARNES §<br>COUNTY RESIDENTIAL CENTER; AND §<br>DEPARTMENT OF HOMELAND §<br>SECURITY, §<br>*Respondents* § | Case No.  SA-25-CA-01390-XR |

**ORDER ON PETITIONER'S**
**PETITION FOR WRIT OF HABEAS CORPUS**

On this date, the Court considered the status of this case. After careful consideration, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**.

**BACKGROUND**

Petitioner Alexis Acea-Martinez is a Cuban citizen who entered the United States without inspection in July 2022. ECF No. 1-2; ECF No. 1-3 at 3. Immigration and Customs Enforcement ("ICE") encountered Acea-Martinez shortly after his entry and took him into custody under 8 U.S.C. Section 1226. ECF No. 1-3. Acea-Martinez was declared removable because he entered the United States without inspection. ECF No. 1-4. He was released on his own recognizance "pending a final administrative determination in [his] case." ECF No. 1-3 at 2.

1

Acea-Martinez complied with the conditions of his release and has no criminal history. He has filed an application for asylum and has reported to the Department of Homeland Security ("DHS") when required. ECF No. 2 at 11. But at his most recent immigration check-in, he was detained without explanation. *Id.* ICE has not set a bond hearing.

According to Acea-Martinez, ICE is detaining him based on a novel reading of 8 U.S.C. Section 1225(b)(2)(A) adopted by the Board of Immigration Appeals. Under that reading, Section 1225(b)(2)(A) would generally require the detention of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted." *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A).

Respondents claim Acea-Martinez is detained under 8 U.S.C. Section 1225(b)(1), which allows expedited removal of certain "arriving" noncitizens and of certain noncitizens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" they were determined inadmissible "under" Section 1225(b)(1). 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

Acea-Martinez filed this habeas petition challenging his detention without a bond hearing. He makes two arguments. First, he contends that his detention without a bond hearing violates due process. Second, he argues that neither Section 1225(b)(1) nor Section 1225(b)(2) permits his detention. If that is the case, he may only be detained under Section 1226(a) and is entitled to a bond hearing. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025).

## DISCUSSION

### I. Legal Standard

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### II. Analysis

Again, Petitioner claims that Respondents lack statutory authority to detain him without a bond hearing and are depriving him of due process by doing so. *See* ECF No. 2. Because the Court agrees with Petitioner's statutory arguments, it need not address his constitutional one.

    a. <u>Jurisdiction</u>

Respondents argue that three statutory provisions divest this Court of jurisdiction. The Court disagrees.

        *1. Section 1252(e)(3)*

Respondents first argue 8 U.S.C. Section 1252(e)(3) deprives the Court of jurisdiction. Thereunder, "[j]udicial review of determinations under [S]ection 1225(b) . . . and its implementation is available in an action instituted in the United States District Court for the District of Columbia." 8 U.S.C. § 1252(e)(3)(A). But Section 1252(e)(3) "concerns challenges to the validity of a 'system,' and [Acea-Martinez] does not raise any systemic challenges." *See*

*Rojano Gonzalez v. Sterling*, No. 1:25-CV-6080-MHC, 2025 WL 3145764, at *3 (N.D. Ga. Nov. 3, 2025) (collecting cases); *Lala Barros v. Noem*, No. EP-25-CV-488-KC, 2025 WL 3154059, at *2 (W.D. Tex. Nov. 10, 2025) (quoting *Rodrigues v. McAleenan*, 435 F. Supp. 3d 731, 738 (N.D. Tex. 2020)); *Munoz Materano v. Arteta*, No. 25 CIV. 6137 (ER), 2025 WL 2630826, at *10 (S.D.N.Y. Sept. 12, 2025).  Rather, he argues "that Respondents lack statutory authority to detain him under [Section 1225(b)] because that statute does not apply to an alien in his circumstances." *J.A.M. v. Streeval*, No. 4:25-CV-342 (CDL), 2025 WL 3050094, at *1 (M.D. Ga. Nov. 1, 2025). Section 1252(e)(3) does not deprive the Court of jurisdiction in such a case.

   2. *Section 1252(g)*

Respondents next claim that Section 1252(g) deprives the Court of jurisdiction.  That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  Section 1252(g) "applies only to three discrete actions that the Attorney general may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)).  It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).  Acea-Martinez "does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. . . . [H]e challenges the decision to detain him." *Guevara v. Swearingen*, No. 25 C 12549,

4

2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025). So Section 1252(g) does not divest the Court of jurisdiction.

        3.  *Section 1252(b)(9)*

Finally, Respondents argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Respondents' argument that Section 1252(b)(9) bars this Court's jurisdiction over Acea-Martinez's petition fails for at least two reasons. First, Acea-Martinez's claim—that Respondents lack "legal authority to subject [him] to mandatory detention under [Section] 1225 instead of

5

detention with a bond hearing under [Section] 1226(a)"—"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); *Aguilar*, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal.").

Second, Acea-Martinez cannot "efficaciously" raise his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). The core of this dispute is whether Acea-Martinez can be detained with no bond hearing—that is, with no administrative opportunity to contest his detention—pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Acea-Martinez's detention would be "effectively unreviewable," *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality), especially considering the BIA's novel position that immigration judges lack authority to even *entertain* bond requests, *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

In short, the Court has jurisdiction to consider Acea-Martinez's claims.

b. <u>Merits</u>

Moving to the merits, the question is whether Respondents can lawfully detain Acea-Martinez without a bond hearing, pursuant to Section 1225(b).

1. *Section 1225(b)(1)*

Respondents argue that Acea-Martinez is detained under Section 1225(b)(1), which allows expedited removal of certain "arriving" noncitizens and of certain noncitizens who have not "been

physically present in the United States continuously for the 2-year period immediately prior to the date" they were determined inadmissible "under th[at] subparagraph." Respondents do not contest that Acea-Martinez entered the country more than two years before his current detention began. *See* ECF No. 1-3.

Instead, they argue that Petitioner was *initially* apprehended in 2022, less than two years after he entered the country. But Petitioner's 2022 apprehension was not under Section 1225(b)(1). Contemporaneous documents repeatedly referenced Section 1226. Acea-Martinez's "Notice of Custody Determination" was "[p]ursuant to the authority contained in" Section 1226 and its implementing regulations. ECF No. 1-3 at 2. And DHS issued a warrant saying Petitioner was "liable to being taken into custody as authorized by" Section 1226. *Id.* at 3. Respondents cannot retroactively transform what was clearly action taken under Section 1226 into detention under Section 1225(b)(1).

To the extent Respondents argue that Acea-Martinez's current detention is pursuant to Section 1225(b)(1) independent of whether his 2022 apprehension was, they still miss the mark. For one thing, Respondents admit that Acea-Martinez is currently in "full" removal proceedings under 8 U.S.C. Section 1229a. ECF No. 7 at 16. Section 1225(b)(1) provides for *expedited* removal and requires detention for certain noncitizens undergoing expedited removal proceedings. 8 U.S.C. § 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV). Respondents have conceded in other cases that a noncitizen cannot simultaneously be in both full and expedited removal proceedings. *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases). They also do not contend that Acea-Martinez is or was in expedited removal proceedings. In short, even if Section 1225(b)(1) could—as a general matter—apply to Acea-Martinez, he is not subject to expedited removal proceedings and thus is not subject to Section 1225(b)(1)'s

detention provisions. Respondents cannot detain Acea-Martinez in connection with expedited removal proceedings that do not exist.

Independently, Section 1225(b)(1)(A)(iii), the statute on which Respondents rely, does not apply to Acea-Martinez. That subsection can only apply to someone "who has not affirmatively shown" that they "ha[ve] been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under" Section 1225(b)(1)(A).[1]  8 U.S.C. § 1225(b)(1)(A)(iii)(II) (emphasis added). Here, there has been no "determination of inadmissibility under th[at] subparagraph." *Id.* Section 1225(b)(1) applies when "an immigration officer determines that" someone is "inadmissible under" 8 U.S.C. Section 1182(a)(6)(C) or 1182(a)(7). *See id.* § 1225(b)(1)(A). Acea-Martinez was not found inadmissible under either of those subsections but rather under Section 1182(a)(6)(A)(i). ECF No. 1-4 at 1. Even if an inadmissibility determination that—like the one here—in no way purports to be under Section 1225(b)(1)(A) still can be, it certainly is not if it does not even rely on a ground for inadmissibility that renders that subsection applicable. *Cf. Lopez v. Lyons*, No. 2:25-CV-03174-DJC-CKD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025) (rejecting the argument that someone's initial contact with immigration officials was a "determination of inadmissibility" under Section 1225(b)(1) because "the Order of Release on Recognizance specifically state[d] that Petitioner was released pursuant to [S]ection 1226").

For those reasons, Respondents may not detain Acea-Martinez under Section 1225(b)(1).

---

[1] This language appears in Section 1225(b)(1)(A)(iii)(II) and refers to an inadmissibility determination under "this subparagraph." The phrase "this subparagraph" could, on its face, refer to Subsection (b)(1), (b)(1)(A), (b)(1)(A)(iii), or (b)(1)(A)(iii)(II).  But statutory context shows that it refers to Section 1225(b)(1)(A). Specifically, Section 1225(b)(1)(A)(iii)(I) refers to "clauses (i) and (ii) of *this subparagraph*." (emphasis added). "[C]lauses (i) and (ii)" are subsections of Section 1225(b)(1)(A), suggesting "this subparagraph" in Section 1225(b)(1)(A)(iii) refers to Section 1225(b)(1)(A).

*2. Section 1225(b)(2)*

The remaining statutory question is whether Section 1225(b)(2) applies to all noncitizens who, like Acea-Martinez, are already in the country but entered without inspection.[2] If so, Section 1225(b)(2) makes Acea-Martinez's detention mandatory. If not, Section 1226(a) applies, Acea-Martinez's detention is discretionary, and he is entitled to a bond hearing if he remains detained. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5.

This is not the first case to present this issue; in recent months, courts all over the country have generally rejected Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). This Court does the same.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *See Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds those opinions generally persuasive and will not restate every rationale therein. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement."). Instead, it will focus on the two factors that most clearly command against Respondents' broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

---

[2] Respondents do not directly assert that Section 1225(b)(2) applies here, but their arguments depend on language that appears only in that subsection. *See* ECF No. 7 at 6–11 (asserting that Acea-Martinez must be detained as an "applicant for admission," a phrase that appears in Section 1225(b)(2), *not* Section 1225(b)(1)).

9

To start, Section 1225(b)(2)'s language is clear. It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). That is to say, Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," he is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Acea-Martinez's detention, he was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained him in 2025, Acea-Martinez was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase

10

'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289. Courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)). So Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens "already in the country." Respondents may not detain Acea-Martinez pursuant to Section 1225(b)(2).

Because Acea-Martinez cannot be detained under Section 1225(b)(1) or Section 1225(b)(2), the remaining option is Section 1226. Respondents do not claim that Acea-Martinez's current detention is under Section 1226. In fact, they assert that the only relief available to him is release from custody. ECF No. 7 at 3. As such, "the Court sees no reason to consider" Section 1226 as a basis for Acea-Martinez's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). His detention is unlawful, and habeas relief is proper.

    c. <u>Attorney's Fees</u>

Acea-Martinez requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## **CONCLUSION**

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Alexis Acea-Martinez from custody, under appropriate conditions of release, to a public place by **no later than 12:00 p.m. on November 19, 2025.**

2. Respondents must **NOTIFY** Acea-Martinez's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. If Acea-Martinez is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

4. The parties shall **FILE** a Joint Status report **no later than 6:00 p.m. November 19, 2025**, confirming that Acea-Martinez has been released;

5. Acea-Martinez's Motion for a Temporary Restraining Order (ECF No. 2) is **DENIED AS MOOT**.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 18th day of November, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE